IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARREN KEYS, | : | |
| | : | |
| Petitioner, | : | |
| | : | No. 4:08-CV-02239 |
| v. | : | |
| | : | (Judge McClure) |
| DEPARTMENT OF JUSTICE, | : | |
| | : | |
| Respondent. | : | |

**MEMORANDUM**

March 10, 2009

**BACKGROUND:**

On June 23, 2006, petitioner Darren Keys, an inmate at FCI Williamsburg proceeding pro se, filed a petition for writ of mandamus. Respondent is the Department of Justice ("DOJ"). The petition was filed in the Eastern District of Pennsylvania as Civ. No. 06-2837.

On December 22, 2006, the DOJ filed a Motion to Dismiss, which was granted by the Honorable Robert F. Kelly on January 16, 2007. Judge Kelly granted the Motion to Dismiss because venue was improper in the Eastern District. On February 5, 2007 petitioner moved for a motion for reconsideration or in the alternative to transfer the action to the district where venue is proper, which was

1

denied by Judge Kelly on February 13, 2007. On March 27, 2007, Keys filed a second motion for reconsideration, asserting he has domicile in Philadelphia. That motion was denied without opinion by Judge Kelly on November 19, 2007.

On November 6, 2008, the Third Circuit vacated all three orders of the District Court and remanded for further proceedings. The Third Circuit directed the Eastern District to transfer the case to the Middle District, which, in turn, was directed to consider the non-venue arguments raised in the DOJ's December 22, 2006 Motion to Dismiss.

The case was transferred to this court in the Middle District of Pennsylvania on November 10, 2008, and the docket number was changed to Civ. No. 08-2239.

Now, on reevaluation, we will grant respondent's Motion to Dismiss. As a result, Keys three outstanding motions (Rec. Doc. Nos. 38, 44, and 43) and the DOJ's Motion for a Protective Order (Re. Doc. No. 47) will be denied as moot.

**DISCUSSION:**

### I. Motion to Dismiss Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must view all allegations stated in the complaint as true and construe all inferences in the light most favorable to plaintiff. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Kost v. Kozakiewicz, 1 F.3d 176, 183

(3d Cir. 1993). In ruling on such a motion, the court primarily considers the allegations of the pleading, but is not required to consider legal conclusions alleged in the complaint. Kost, 1 F.3d at 183. At the motion to dismiss stage, the court considers whether plaintiff is entitled to offer evidence to support the allegations in the complaint. Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000). A complaint should only be dismissed if, accepting as true all of the allegations in the complaint, plaintiff has not pled enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1960 (2007).

In considering a Rule 12(b)(6) motion, we must be mindful that federal courts require notice pleading, as opposed to a heightened standard of fact pleading. Hellmann v. Kercher, 2008 U.S. Dist. LEXIS 54882, 4 (W.D. Pa. 2008). Federal Rule of Civil Procedure 8 "'requires only a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the…claim is and the grounds on which it rests,'" Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964, (2007) (citing Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, (1957)). However, even under this lower notice pleading standard, a plaintiff must do more than recite the elements of a cause of action, and then make a blanket assertion of an entitlement to relief under it. Hellmann, 2008

U.S. Dist. LEXIS at 4-5. Instead, a plaintiff must make a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. Twombly, 127 S.Ct. at 1965.

The failure-to-state-a-claim standard of Rule 12(b)(6) "streamlines litigation by dispensing with needless discovery and factfinding." Neitzke v. Williams, 490 U.S. 319, 326-27 (1989). A court may dismiss a claim under Rule 12(b)(6) where there is a "dispositive issue of law." Id. at 326. If it is beyond a doubt that the non-moving party can prove no set of facts in support of its allegations, then a claim must be dismissed "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." Id. at 327

## II. Allegations in the Petition

Accepting as true all of the allegations in the petition, the facts are as follows. On June 23, 2006, petitioner Darren Keys filed a petition for writ of mandamus pursuant to 28 U.S.C. § 1361, requesting an order directing the DOJ to afford him due process. According to his petition, on May 29, 2006 Keys climbed into a ceiling vent to fix the circulation. While he was in the vent, staff conducted a head count and reported Keys as missing. On recount, Keys alleged he banged on the pipes to alert officers that he was stuck in the crawl space, but officers ignored Keys' cries for help, and chose to report Keys as missing. Keys alleges

that prison staff acted in retaliation for his filing a previous law suit.  Keys alleges he was charged with escape and lost privileges because the staff ignored his emergency and is retaliating against him.

On July 7, 2006, Keys filed another petition for writ of mandamus, this one titled an "emergency."[1]  In this petition, Keys requested the court to issue an order compelling staff to cooperate in the official "Grievance Inquiry" that he asserts governs employee conduct. In his petition, Keys demanded an investigative report, copies of incident reports, a hearing, etc.

### III.  Analysis

The DOJ's motion to dismiss rests on three grounds.  The first, venue, has already been disposed of by transfer of this action to the Middle District.  The other two grounds are that the petition should be dismissed because Keys has failed to exhaust his administrative remedies, and because he is not entitled to mandamus relief.

The Prison Litigation Reform Act ("PLRA") requires that prisoners exhaust

---

[1] We note that in this action, and in Keys' <u>Bivens</u> action docketed as 4:CV-08-1851, Keys tends to use the term "emergency" loosely.  None of the motions Keys has titled "emergency" is in fact an emergency. The court will treat all motions titled "emergency" that are non-emergency as such.

their administrative remedies prior to bringing suit in federal court. See 42 U.S.C. § 1997e(a). "No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 USC 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id.

Although the Third Circuit has not explicitly stated that the PLRA applies to mandamus actions brought pursuant to 18 U.S.C. § 1361, the Eighth Circuit has applied the PLRA to these actions, and the plain language of the statute seems to indicate that the PLRA's exhaustion requirement would apply to actions brought under 28 U.S.C. § 1361. (See Simmat v. United States Bureau of Prisons, 413 F.3d 1225 (10th Cir. 2005) (holding that plaintiff's claims brought under 28 U.S.C. §§ 1331 and 1361 should be dismissed without prejudice for failure to exhaust administrative remedies pursuant to 28 U.S.C. § 1997e(a)).

However, as the DOJ points out, the Third Circuit has ruled that the fee requirement of the PLRA does not apply to a petition for a writ of mandamus brought pursuant to 28 U.S.C. § 1651(a). Madden v. Myers, 102 F.3d 74, 76 (3d Cir. 1996). That petition was brought under 28 U.S.C. § 1651(a) requesting the Third Circuit to issue a writ of mandamus requiring the district court to promptly act on Madden's request for habeas corpus relief. Id. The type of petition Madden

brought was not a civil action, nor was it an appeal. Id. Thus, the Third Circuit found Madden's petition to be outside of the plain language of the PLRA, and held that the fee requirements did not apply to his petition. Id. at 77. However, the Third Circuit noted that the issue of whether the PLRA applies to petitions brought pursuant to § 1361 (as this one is) was not before the court, and thus was not decided. Id. at 76 n. 2. Because the petition here is an "action" brought pursuant to 28 U.S.C. § 1361, we believe the PLRA applies based on the plain language of the statute. Moreover, the type of claim Keys brings is exactly the type of claim the PLRA is aimed at - one that gives the agency a chance to correct its own errors, precluding the need for litigation.

Because we are granting the motion to dismiss based on Keys' failure to exhaust his administrative remedies, we need not reach the DOJ's argument that Keys is not entitled to mandamus relief.

**CONCLUSION:**

Now, therefore, because Keys has not exhausted his administrative remedies, we will grant the DOJ's Motion to Dismiss. Keys' petition is dismissed without prejudice for failure to exhaust administrative remedies as required by the PLRA.

As a result, Keys three outstanding motions and the DOJ's motion for a protective order are denied as moot.

s/ James F. McClure, Jr.  
James F. McClure, Jr.  
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DARREN KEYS,                    :
                                :
    Petitioner,                 :
                                :   No. 4:08-CV-02239
v.                              :
                                :   (Judge McClure)
DEPARTMENT OF JUSTICE,          :
                                :
    Respondent.                 :

**ORDER**

March 10, 2009

Now, therefore, in accordance for the reasons set forth in the accompanying memorandum,

**IT IS HEREBY ORDERED THAT:**

1.    Respondent's Motion to Dismiss is GRANTED.  (Rec. Doc. No. 14).

2.    Petitioner's petition for writ of mandamus is dismissed without prejudice for failure to exhaust his administrative remedies.

3.    Petitioner's Emergency Motion for Declaratory Judgment and

Injunction; Motion to Compel Discovery; and Motion for Protective Order are DENIED as moot. (Rec. Doc. Nos. 38, 44, and 43).

    4.    Respondent's Motion for Protective Order is DENIED as moot. (Rec. Doc. No. 47).

    5.    The clerk is directed to close the case file.

          s/ James F. McClure, Jr.  
          James F. McClure, Jr.  
          United States District Judge